UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK W. GARNER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:15CV00733 AGF |
| ) | |
| UNION PACIFIC RAILROAD CO., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 33) of Plaintiffs Mark Garner and Penny Richardson for voluntary dismissal of their claims against the remaining Defendants, Union Pacific Railroad Company, Sabre Industries, Inc., and Sabre Communications Corp. without prejudice. For the reasons set forth below, the Court will grant the motion subject to the condition that, if Plaintiffs re-file this cause of action against some or all of these three Defendants, whether in state or federal court, Plaintiffs must pay the court costs and reasonable attorneys' fees the Defendants incurred in the instant cause of action, less any expenses for work that can be reused in the subsequent litigation.

## BACKGROUND

Plaintiffs' claims arise from the collapse of a communications tower on March 25, 2014, in Pottawatomie County, Kansas, resulting in the death of Plaintiffs' son, Seth

Garner, and his co-worker, Martin Powers. On March 27, 2015, Plaintiffs filed a petition in Missouri state court asserting state law claims against Defendants Union Pacific Railroad Company ("Union Pacific"), Wireless Horizon, Inc. ("Wireless"), Sabre Industries, Inc., Sabre Communications Corp. (the latter two, collectively "Sabre"), and five John Doe Defendants, not yet identified, who were allegedly co-employees of decedent.

On May 8, 2015, Defendants Union Pacific and Sabre removed the case to this Court, alleging that the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), notwithstanding that Plaintiffs and Wireless shared Missouri citizenship. Defendants alleged that Wireless had been fraudulently joined to defeat this Court's diversity jurisdiction. On June 8, 2015, Plaintiffs filed a motion to remand. Plaintiffs argued that they articulated a colorable cause of action against Wireless, which destroyed complete diversity. By Order dated November 20, 2015, the Court denied the motion to remand and dismissed Wireless without prejudice on the ground that it had been fraudulently joined in this action. The Court found that Kansas law controlled Plaintiffs' tort claim against Wireless and that, under Kansas law, Plaintiffs could only recover against Wireless through the state's workers' compensation system. Accordingly, Plaintiffs were barred from obtaining tort recovery against Wireless in this case.

On December 18, 2015, Plaintiffs filed a motion, pursuant to Federal Rule of Civil Procedure 41(a)(2), to dismiss the remaining Defendants without prejudice. Plaintiffs argue that their "most likely option for recovery for wrongful death damages lies with their claim against Wireless" or its employees, and they wish to dismiss this action so that

they may pursue claims against Wireless elsewhere. Plaintiffs maintain that dismissal without prejudice is appropriate because the case is still at a very early stage and, therefore, no prejudice or harm will be suffered by Defendants.

Defendants object to a dismissal without prejudice, stating that Plaintiffs' purpose for requesting dismissal is to avoid the implications of this Court's adverse ruling when the Court denied Plaintiffs' motion to remand and dismissed their claims against Wireless without prejudice, as barred under the Kansas workers' compensation statute and therefore fraudulently joined. Accordingly, Defendants maintain that Plaintiffs' motion for dismissal is improper and should be denied. Alternatively, Defendants seek the following conditions on any dismissal without prejudice: 1) limit Plaintiffs to re-filing any claims against Defendants in this Court, and 2) require Plaintiffs to pay Defendants' court costs and reasonable attorneys' fees prior to re-filing the causes of action against Defendants.

Plaintiffs have not replied to Defendants' opposition, or to Defendants' request for conditions, and the time to do so has passed.

## **DISCUSSION**

After the opposing party has served an answer, a plaintiff may dismiss an action without prejudice "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Voluntary dismissals pursuant to Federal Rule of Civil Procedure 41(a)(2), and the terms of such dismissals, are addressed to the discretion of the district courts. *Witzman v. Gross*, 148 F.3d 988, 991-92 (8th Cir. 1998).

A district court should consider the following factors when deciding whether to allow a voluntary dismissal under Rule 41(a)(2):

> whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013).

The Court must consider whether Plaintiffs have presented a proper explanation for their desire to dismiss. *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213 (8th Cir. 2011). Sometimes, this inquiry necessitates a district court "examine the merits of a plaintiff's proposed claims against a diversity-destroying defendant, because an attempt to advance a nonviable claim strongly suggests a party's motive in requesting a voluntary dismissal is merely to seek a more favorable forum." *Donner*, 709 F.3d at 699.

Defendants assert that Plaintiffs' stated purpose for requesting dismissal—to focus their energy on prosecuting their claims against Wireless—is merely an attempt to avoid the Court's adverse ruling in denying Plaintiffs' motion to remand. The Court, however, recognizes that Plaintiffs may have further claims against Wireless beyond those which the Court found to have no reasonable basis for liability in tort.[1] Thus, Plaintiffs have provided a proper explanation for their desire to dismiss.

Moreover, the remaining factors weigh strongly in favor of granting Plaintiffs' motion for voluntary dismissal without prejudice. A dismissal at an early stage of the

---

[1] For example, Plaintiffs may pursue workers' compensation claims against Wireless.

case will not result in a significant waste of judicial time and effort. *See Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) (upholding voluntary dismissal after two hearings on discovery disputes); *Metro. Fed. Bank of Iowa*, *F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262-63 (8th Cir. 1993) (upholding voluntary dismissal after some discovery had been completed and the defendants filed a motion for summary judgment); *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970-71 (8th Cir. 1984) (upholding voluntary dismissal after the plaintiff had presented all but one witness at trial).

Here, discovery has not even commenced, as the scheduling conference pursuant to Federal Rule of Civil Procedure 16 was continued until after disposition of this motion. As Plaintiffs emphasize, proceedings in this case have been restricted to issues of removal and remand. Dismissal at this stage of the case results in even less wasted time and effort than the dismissals granted in *Mullen* or *Metro.*, and considerably less than in *Kern*. Accordingly, the second factor weighs in favor of dismissal.

The prejudice to be considered when deciding whether to allow a voluntary dismissal is legal prejudice, meaning "something other than the necessity that defendant might face of defending another action." *Kern*, 738 F.2d at 970; *Mullen*, 770 F.3d at 728. That class of detriment can be cured by attaching conditions to the dismissal that the plaintiff must pay the costs and expenses the defendant incurred in the first case. *Kern*, 738 F.2d at 970.

Plaintiffs contend that no prejudice or harm will be suffered by Defendants as the case has been limited to removal and remand briefing. Defendants do not argue prejudice

5

beyond what may be cured by Defendants' suggestions for conditions on the dismissal. As such, the Court finds that legal prejudice against Defendants is lacking and that the third factor also weighs in favor of dismissal.

In sum, on balance, the Court finds that dismissal without prejudice is appropriate.

Upon granting a voluntary dismissal without prejudice, the court has the authority to award costs to a defendant that were incurred in defending the action prior to the dismissal, *Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037 (8th Cir. 2001), and to impose the condition that the plaintiff pay the defendant the reasonable attorneys' fees incurred in defending the suit, *Belle-Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995). Alternatively, the court may grant the voluntary dismissal without prejudice but order that if the plaintiff chooses to re-file the action against the defendant at a later date in state or federal court, the plaintiff must then pay the defendant's fees and costs associated with the dismissed action. *See Core v. Sw. Bell Tel. Co.*, 847 F.2d 497, 498 (8th Cir. 1988) (approving the district court's conditioning of voluntary dismissal without prejudice on the plaintiff's payment of fees and costs if the case were re-filed in state or federal court); *Reddy v. Rallapally*, 103 F. App'x 65, 65-66 (8th Cir. 2004); *Am. Equity Mortg., Inc. v. Vinson Jr.*, No. 4:05CV01529RWS, 2007 WL 1862987, at *2 (E.D. Mo. June 28, 2007). However, the district court may deduct from such an award "any expenses [the defendant] incurred in the instant action for work that can be reused in the subsequent litigation." *Pruiett v. Doe*, No. 4:12-CV-1813-SPM, 2013 WL 1342369, at *3 (E.D. Mo. Apr. 3, 2013).

Therefore, as a condition of the dismissal, the Court will require that, if Plaintiffs re-file this cause of action against some or all of the three Defendants, Plaintiffs must pay the court costs and reasonable attorneys' fees Defendants incurred in the instant cause of action, less any expenses for work that can be reused in the subsequent litigation. This condition will adequately protect Defendants from the burden of incurring duplicative expenses.

However, the Court will deny Defendants' requested condition to limit Plaintiffs' choice of forum, should it choose to re-file this cause of action. As the Eighth Circuit has advised, "[t]he state courts, unlike us, are courts of general jurisdiction. It would be unwise for us . . . to forbid a citizen to resort to the courts of her own state. One court is as good as another. We have no reason to think the state courts will not do justice." *Kern*, 738 F.2d at 973 (citations omitted).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to dismiss their claims against Defendants Union Pacific Railroad Company, Sabre Industries, Inc., and Sabre Communications Corp. without prejudice is **GRANTED** upon the condition that if Plaintiffs re-file this cause of action against some or all of these three Defendants, in state or federal court, they shall reimburse Defendants for court costs and reasonable attorneys' fees incurred in defending the present lawsuit, less any expenses incurred for work that can be reused in the subsequent litigation. (Doc. No. 33.)

**IT IS FURTHER ORDERED** that all claims against all parties having been dismissed, this case is **CLOSED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of February, 2016.